IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melissa Waldron Clark, ) | C/A No. 0:12-2340-DCN-PJG |
|           Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security,[1] ) | |
|           Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Melissa Waldron Clark ("Clark"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

## ADMINISTRATIVE PROCEEDINGS

In January 2009, Clark applied for DIB, alleging disability beginning October 1, 2006. Clark's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 3, 2011, at which Clark, who was represented by W. Daniel Mayes, Esquire, appeared and testified. After hearing testimony from

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.



a vocational expert, the ALJ issued a decision on April 14, 2011 finding that Clark was not disabled. (Tr. 22-31.)

Clark was forty-seven years old on her date last insured. (Tr. 58.) She has a high school education and past relevant work experience as a medical assistant. (Tr. 197, 201.) In her application, Clark alleged disability since October 1, 2006 due to borderline personality disorder, depression, post traumatic stress, seasonal affective disorder, and asthma. (Tr. 196.)

The ALJ found as follows:

1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2006.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2006, through her date last insured of December 31, 2006 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: migraine headaches, asthma, depression, anxiety, and borderline personality disorder (20 CFR 404.1520(c)).
   * * *
4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 20 CFR 404.1525 and 404.1526).
   * * *
5. . . . [T]hrough the date last insured, the claimant had the residual functional capacity to perform only simple, routine repetitive tasks that do not require ongoing interaction with the general public or close team-type interaction with co-workers. The claimant cannot lift or carry over 50 pounds occasionally and 25 pounds frequently. The claimant is limited to no more than frequent stooping, crawling, kneeling, climbing of ramps or stairs, crawling, or balancing, and no more than occasional climbing of ladders or scaffolds. The claimant should not engage in work requiring concentrated exposure to dust, fumes, gases, or odors.
   * * *
6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).
   * * *



7. The claimant was born . . . [in] 1959, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 1, 2006, the alleged onset date, through December 31, 2006 (20 CFR 404.1520(g)).

(Tr. 24-31.) Clark submitted additional evidence to the Appeals Council, which denied her request for review on June 13, 2012, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-4.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:



    (1)    whether the claimant is engaged in substantial gainful activity;

    (2)    whether the claimant has a "severe" impairment;

    (3)    whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

    (4)    whether the claimant can perform her past relevant work; and

    (5)    whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4).[2] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported

---

[2] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. § 404.1520(h).



by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Clark raises the following issues for this judicial review:

I.  The Plaintiff's application for benefits should be remanded for administrative consideration of new evidence from the Plaintiff's treating mental health therapist which was submitted to the Appeals Council.

II. The ALJ failed to properly assess the treating counselor's opinions as required by 20 CFR § 404.1527(d)(1)-(6), and SSR 06-03p.

III. The ALJ did not assess Clark's mental impairments in the manner required by the regulations.

(Pl.'s Br., ECF No. 15.)

### DISCUSSION

A.   **New Evidence**

As explained by the plaintiff in her brief, this issue stems from the fact that certain treatment notes from Clark's long-time treating mental health counselor, Nan Moorer, LISW, were unavailable at the time of the hearing before the ALJ. Clark's counsel was subsequently able to locate the notes from the provider and submitted them to the Appeals Council, which made the new evidence part of the record but denied review of the ALJ's decision. The Appeals Council considered the additional evidence but determined that the information did not provide a basis for changing the ALJ's decision. According to Clark, the new evidence warrants remand for further consideration by the ALJ under controlling law. The court disagrees.

The Fourth Circuit has explicitly held that "[t]he Appeals Council need not explain its reasoning when denying review of an ALJ decision." Meyer v. Astrue, 662 F.3d 700, 702 (4th Cir. 2011). In determining whether the Commissioner's final decision is supported by substantial evidence and reached through the application of the correct legal standard, the court must " 'review the record as a whole' including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.' " Id. at 704 (alterations in original) (quoting Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (*en banc*)). If the court cannot determine whether, in light of the additional evidence submitted, the Commissioner's decision is supported by substantial evidence, remand is warranted. Meyer, 662 F.3d at 707 (reversing and remanding the Commissioner's decision because upon considering the whole record, including the new evidence submitted to the Appeals Council, the court could not determine whether substantial evidence supported the ALJ's denial of benefits). The Meyer Court



recognized, however, that in some cases the record would clearly show that the additional evidence did not cause the ALJ's decision to be unsupported by substantial evidence. See id. (discussing Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir. 1996)).

Clark argues that "the court cannot determine whether substantial evidence supports the ALJ's decision, because the ALJ specifically cited the lack of evidence prior to the date last insured for denying key elements of Clark's case." (Pl.'s Br. at 18-19, ECF No. 15 at 18-19.) However, as the Commissioner points out, the new evidence submitted to the Appeals Council does not address the deficiencies identified by the ALJ.

Significantly, the relevant time period in this application for disability insurance benefits is the brief period from October 1, 2006, Clark's alleged onset date, to December 31, 2006, her date last insured.[3] As noted above, the treatment notes at issue are from Clark's counselor, Ms. Moorer, who treated Clark during various periods between 1992 and 2010. Specifically at issue is Moorer's 2009 opinion describing various functional limitations, rendered approximately three years after Clark's date last insured. Among other things, Moorer opines that Clark would miss more than four days of work each month, (Tr. 620-23), a limitation that the vocational expert testified would effectively exclude all jobs. (Tr. 90.) Clark contends that the new evidence supports Moorer's 2009 opinion, filling a void identified by the ALJ in his decision.

The new treatment notes are from August 1998 to September 1999, and again from August 2001 to June 2003. As pointed out by the Commissioner, these treatment notes pre-date the relevant time period by as much as eight years, and pre-date Ms. Moorer's 2009 opinion by as much as eleven

---

[3] To qualify for DIB, a claimant must be found to be disabled on or before her last date insured. See 20 C.F.R. § 404.131; see also 42 U.S.C. § 423.



years.  Notably, Ms. Moorer did not treat Clark between June of 2003 and September of 2007.  Furthermore, the ALJ questioned Clark and her attorney at the hearing, acknowledging Clark's treatment up to 2003 and seeking further evidence regarding the relevant time period, even leaving the record open so that further evidence could be submitted.  (Tr. 67-68, 80-82, 84-86.)  Despite Clark's argument that her condition waxed and waned over many years and that a lack of treatment does not necessarily indicate that she was not disabled, the court concludes that the ALJ permissibly considered the lack of treatment and dearth of medical records during the relevant time period as a factor in his analysis.  See, e.g., Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) ("While a claimant's failure to obtain medical treatment that she cannot afford cannot justify an inference that her condition was not as serious as she alleges, an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility.") (internal citation omitted); 20 C.F.R. § 404.1527(c) (listing the factors in evaluating opinions from medical sources, including whether the opinion is supported by clinical evidence or consistent with other substantial evidence); 20 C.F.R. § 404.1529(c)(3)(v) (stating that in evaluating subjective complaints of symptoms, the factors the Commissioner will consider include "[t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms").  Similarly, the new treatment notes, so remote in time from the relevant period for Clark's DIB application, do not cause the ALJ's decision to be unsupported by substantial evidence.  See Meyer, 662 F.3d at 707; Smith, 99 F.3d at 638-39.

**B.     Treating Counselor**

Clark also argues that the ALJ erred in his assessment of Moorer's opinion issued on October 9, 2009.  Licensed social workers are considered "medical sources who are not acceptable medical



sources." See SSR 06-03p; see also 20 C.F.R. § 404.1513(d). The social security regulations distinguish between opinions from "acceptable medical sources" and "other sources." See 20 C.F.R. § 404.1513(d). Social Security Ruling 06-03p further discusses "other sources" as including both "medical sources who are not acceptable medical sources" and "non-medical sources." Only acceptable medical sources can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose opinions may be entitled to controlling weight. SSR 06-03p. However, medical sources who are not acceptable medical sources may provide opinions reflecting "the source's judgment about some of the same issues addressed in medical opinions from 'acceptable medical sources,' including symptoms, diagnosis and prognosis, and what the individual can still do despite the impairment(s), and physical or mental restrictions." SSR 06-03p. Social Security Ruling 06-03p further provides:

> Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. In addition, when an adjudicator determines that an opinion from such a source is entitled to greater weight than a medical opinion from a treating source, the adjudicator must explain the reasons in the notice of decision . . . .

Finally, the ALJs are instructed to apply the factors for evaluating the opinions of acceptable medical sources, which are listed in 20 C.F.R. § 404.1527(c), in evaluating the opinions from other sources with the understanding that not every factor may apply. These factors include: (1) whether the physician has examined the claimant, (2) the treatment relationship between the physician and the claimant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with

the record, (5) whether the physician is a specialist, and (6) other factors that may support or contradict the opinion. See 20 C.F.R. § 404.1527(c).

Clark argues that the ALJ erred in giving Moorer's opinion little weight based on the fact that her opinion postdated Clark's date last insured by three years. She contends that "[t]here is no evidence that any of the conditions that Moorer indicated as the cause of Clark's disability suddenly appeared for the first time or dramatically worsened in the time subsequent to Clark's date last insured and prior to the opinion." (Pl.'s Br. at 21, ECF No. 15 at 21.) However, nor is there evidence in the record that Clark's condition was disabling during the relevant time period, and the court finds no error in the ALJ's analysis in that regard. The ALJ appears to have applied the requisite factors, noting that Moorer clearly had treated Clark off and on for a number of years, but expressly giving little weight to Moorer's 2009 opinion because the record showed she did not treat Clark for a four-year period which included the relevant time period, because no treatment notes from that period existed to support Moorer's conclusions, and because Moorer's 2009 opinion was not consistent with the overall evidence. (Tr. at 29, ECF No. 6-2 at 30.) The court cannot say that the ALJ erred in his assessment of Moorer's opinion. See SSR 06-03p; 20 C.F.R. § 404.1527(c).

C.     **Assessment of Clark's Mental Impairments**

Finally, Clark argues that the ALJ erred in failing to follow properly the procedure for evaluating mental impairments required by 20 C.F.R. § 404.1520a in concluding that there were unskilled jobs that Clark could perform. However, this regulation, which essentially sets forth a "special technique" for evaluating mental impairments, applies at Steps Two and Three of the sequential evaluation process. Moreover, while Clark seems to challenge the sufficiency of the explanation of the evidence cited by the ALJ in finding that Clark's functional limitations from her



mental impairment were only moderate, the court observes that the ALJ described the evidence she considered in determining that Clark's limitations in each functional area were no more than moderate.  (See Tr. at 26) (discussing that the claimant has no substantial difficulty regarding her personal care needs, shops for groceries, assists in some household chores, and is able to adequately interact with various medical and counseling professionals, but is restricted to simple, routine repetitive work activity).  The court concludes that the ALJ's findings in this regard are sufficiently supported, regardless of whether a different fact finder might find Clark's restrictions to be more severe.  See Craig, 76 F.3d at 589 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Blalock, 483 F.2d at 775 (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

**RECOMMENDATION**

For the foregoing reasons, the court finds that Clark has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard.  See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).