**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| MELISSA WALDRON CLARK, | ) | |
| | ) | No. 0:12-cv-02340-DCN |
| Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on United States Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court affirm the Acting Commissioner of Social Security's decision to deny claimant Melissa Waldron Clark's ("Clark") application for disability insurance benefits ("DIB"). Clark has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I.  BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.  Procedural History

Clark filed an application for DIB in January 2009, alleging that she had been disabled since October 1, 2006. The Social Security Administration ("the Agency") denied her application both initially and on reconsideration. Clark requested a hearing before an administrative law judge ("ALJ") and ALJ Walter C. Herin, Jr. presided over a hearing held on January 3, 2011. Tr. 50. In a decision issued on April 14, 2011, the ALJ

1

determined that Clark was not disabled.  The Appeals Council denied review on June 13, 2012, making the ALJ's decision the final decision of the Commissioner.

Clark filed this action for judicial review on August 15, 2012.  On March 8, 2013, she filed a brief requesting that the Commissioner's decision be reversed and the case remanded to the Agency for the award of benefits or for further administrative proceedings.  Claimant's Br. 2, ECF No. 15.  On April 22, 2013, the Commissioner filed a brief contending that her decision should be upheld.  Comm'r's Br., ECF No. 17.  On January 22, 2014, the magistrate judge issued the instant R&R, recommending that the Commissioner's decision be affirmed.  Clark objected to portions of the R&R on February 10, 2014, and the Commissioner responded to those objections on February 27, 2014.  This matter has been fully briefed and is now ripe for the court's review.

### B.  Clark's Medical History

Because Clark's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts.  Clark was born on July 15, 1959 and was forty-seven years old on the date she was last insured.  Tr. 30.  She has at least a high school education and past relevant work experience as a medical assistant.  Id.

### C.  ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-

2

step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Clark was disabled from October 1, 2006 through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process.  At step one, the ALJ found that Clark did not engage in substantial gainful activity during the period at issue.  Tr. 24.  At step two, the ALJ found that Clark suffered from the following severe impairments:  migraine headaches, asthma, depression, anxiety, and borderline personality disorder.  Id.  At step three, the ALJ found that Clark's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments.  Tr. 25.  Before reaching the fourth step, the ALJ determined that Clark retained the residual functional capacity

("RFC") to perform only simple, routine, repetitive tasks that do not require ongoing interaction with the general public or close team-type interactions with co-workers. Tr. 27. The ALJ further found that Clark could lift and carry up to 50 pounds occasionally and 25 pounds frequently; is limited to no more than frequent stooping, crawling, kneeling, climbing of ramps and stairs, and balancing; is limited to no more than occasional climbing of ladders or scaffolds; and should not engage in work requiring concentrated exposure to dust, fumes, gases, or odors. Id. At step four, the ALJ found that Clark was unable to perform any of her past relevant work. Tr. 30. Finally, at the fifth step, the ALJ found that Clark could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Tr. 30-31.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of

evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.  DISCUSSION

Clark's objections to the R&R echo the three allegations of error she assigned to the ALJ in her opening brief.  Specifically, Clark objects that:  (i) the Appeals Council failed to properly evaluate and explain the relevance of new evidence submitted after the ALJ issued his decision; (ii) the ALJ improperly assessed the medical opinion of Clark's treating mental health counselor; and (iii) the ALJ's RFC does not correctly account for Clark's difficulties with social functioning.  The court considers these objections in turn.

### A.  New Evidence Presented to the Appeals Council

Clark first contends that this case must be remanded because the Appeals Council did not properly evaluate and explain the relevance of additional evidence not presented to the ALJ.  The new evidence submitted to the Appeals Council included an October 1998 psychological evaluation conducted by Thomas L. Boyd, Ph.D., as well as treatment records authored by Nan C. Moorer, a licensed independent social worker who provided Clark with mental health treatment.  Ms. Moorer's treatment notes are from counseling sessions held between August 17, 1998 and September 22, 1999 as well as between August 6, 2001 and June 11, 2003.

While a claimant may present additional evidence to the Appeals Council that was not available to the ALJ, the Appeals Council must review additional evidence only if it is "(a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's

decision." <u>Wilkins v. Sec'y, Dep., of Health & Human Servs.</u>, 953 F.2d 93, 95–96 (4th Cir. 1991); <u>see also</u> 20 C.F.R. § 404.970(b); <u>Meyer v. Astrue</u>, 662 F.3d 700, 705 (4th Cir. 2011). The regulatory scheme, however, "does not require the Appeals Council to do anything more than . . . consider new and material evidence in deciding whether to grant review." <u>Meyer</u>, 662 F.3d at 706 (internal quotations omitted). The Appeals Council is not required to take any specific action in response to new and material evidence, and need not "articulate any findings when it considers new evidence and denies review." <u>Id.</u> "Only if the Appeals Council <u>grants</u> a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." <u>Id.</u> (emphasis in original).

In its June 13, 2012 decision denying further review, the Appeals Council noted that it had considered the additional evidence Clark provided but found no reason to disturb the ALJ's decision. Tr. 1. The Appeals Council expressly stated that it considered the evidence that Clark submitted, and is not required to explain its decisions to deny further review. The court cannot find that the Appeals Council erred by failing to do something that it is not required to do.

Clark's first objection fails.

**B. The ALJ's Assessment of Ms. Moorer's Opinion**

Clark next suggests that the ALJ improperly considered Ms. Moorer's October 9, 2009 opinion regarding Clark's ability to work, and that the magistrate judge erred by finding otherwise. Clark "submits that the Magistrate has erroneously focused on only one reason for dismissing [Ms. Moorer's] opinion . . . ." Clark's Objections 3.

6

Clark's argument is puzzling.  The R&R explains that, in a number of ways, the record supported the ALJ's decision to give little weight to Ms. Moorer's opinion.  First, Ms. Moorer's opinion post-dated Clark's alleged disability onset date by three years.  Second, it does not appear that Ms. Moorer treated Clark at all between 2003 and 2007.  For both of these reasons, it was appropriate for the ALJ to give little weight to Ms. Moorer's opinion when determining whether Clark was disabled as of October 1, 2006.  Finally, as a licensed independent social worker, Ms. Moorer is not an "acceptable medical source" under Agency regulations.  See SSR 06-03p; 20 C.F.R. § 404.1513(d).  The magistrate judge thoroughly discussed how ALJs may consider the opinions of such "other sources" and noted that the ALJ appeared to have properly applied the requisite factors.

In short, Clark's second objection fails.

### C.  The ALJ's Calculation of Clark's RFC

Finally, "Clark continues to assert that the ALJ's determination regarding difficulties in social functioning would require further limitations than identified in the RFC."  Clark's Objections 3.  Without specifying which further limitations should have been included in her RFC, Clark relies on the vocational expert's ("VE") testimony that "most unskilled work, by definition, you're going to be around others."  Tr. 94.

Clark's reliance is misplaced.  Both the RFC that the ALJ constructed for Clark and the hypothetical that he posed to the VE expressly limited Clark to work that "do[es] not require ongoing interaction with the general public or close team-type interaction with co-workers."  Tr. 27, 88.  In response to the ALJ's hypothetical, the VE testified that at least six different jobs existed that accommodated this restriction.  Tr. 88-89.

Even though most unskilled work may require a great deal of interpersonal interaction, the VE explained that there are jobs that accommodate Clark's alleged inability to work closely with others. The court cannot say that the ALJ improperly calculated Clark's RFC.

Clark's third objection fails.

### IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's report & recommendation, ECF No. 20, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 13, 2014**
**Charleston, South Carolina**